# Court of Appeals
# of the State of Georgia

ATLANTA, February 28, 2018

*The Court of Appeals hereby passes the following order:*

## A17A2054, A17A2055.  HOUSTON HOSPITALS, INC. et al. v. BOWEN et al.; HOUSTON HOSPITALS, INC. et al. v. FELDER.

The parties have represented to this Court in their briefs on appeal that the appellate records in these cases are incomplete in that they lack all or most of the 14 appellees' depositions, and thus neither side includes citations to the records regarding these claims.[1] Each side, however, urges that this lack of evidence requires us to decide the issues in this case, particularly as they relate to the emotional distress claims in their favor.

However, it appears that the parties are laboring under a misapprehension concerning what the records do or do not contain. The records consist of a combined 97 volumes and over 40,000 pages contained in nine boxes, and this Court has been able to confirm that at least some of the appellees' depositions *are* contained within those volumes. Further, in addition to being voluminous, the record pertaining to each individual appellee is not easily discernible, and there may be some instances in which the evidence pertaining to one party has been included within the seeming record of another party.

Our review of this matter is de novo, and as we have explained on numerous occasions, it is not the duty of this Court to cull the record on *either* parties' behalf to locate facts or evidence in support of that party's position. *Demere Marsh Assocs., LLC. v. Boatright*, 343 Ga. App. 235 (808 SE2d 1) (2017). Rather, "[i]t is the party's

---

[1] We note that the same attorneys represent the appellants and appellees in each of the 14 appeals.

duty in the first instance to cite to such parts of the record or transcript essential to a consideration of (its arguments)." Id. Likewise, it is also the duty of the parties, not this Court to ensure that the record contains all that is necessary for us to consider the arguments they raise on appeal and meaningfully review the judgment of the trial court. See Court of Appeals Rule 18 (b).

In light of these deficiencies, we hereby REMAND these cases to the trial court so that the parties can assure that the appellate records contain all of the appellees' depositions and any other evidence or information necessary for this Court to undertake a meaningful review. Upon completion of the records, the clerk of the trial court will then forward the records to this Court and the cases will be redocketed. The parties will then re-file their briefs in this Court under the normal briefing schedule as set out in the docketing notice, with particular attention to citations to the records on appeal, which "shall be to the volume or part of the record or transcript and the page numbers that appear on the appellate record or transcript sent from the trial court." Court of Appeals Rule 25 (a) (1).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  02/28/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*